

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

April 21, 1960

Hon. Zollie Steakley
Secretary of State
Hon. Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-826

Re: The joint responsibility of the Secretary of
State and the Comptroller of Public Accounts
on the administrative procedure of forfeiting
a corporation's right to do business.

Dear Mr. Steakley and Mr. Calvert:

You have requested that in the light of Attorney General's Opinion No. WW-806 you be advised concerning the following:

"The joint or separate responsibility, duty
and authority of the Secretary of State and the
Comptroller of Public Accounts to take the neces-
sary administrative action and to establish the
administrative procedure for:

"1. The forfeiture of the right to do busi-
ness of a corporation which is delinquent in the
filing of its franchise tax report and the payment
of franchise taxes.

"2. The forfeiture without judicial ascer-
tainment of the charter of a corporation whose right
to do business has been previously forfeited, and
which has failed and refused to have its right to do
business revived, prior to the first day of January
next succeeding the date of forfeiture of its right
to do business."

Attorney General's Opinion No. WW-806 to which you re-
fer in your request is in part as follows:

"It is the opinion of this office that the pow-
ers and duties transferred to the Comptroller by this

Act were limited to those incident to the col-
lection of the franchise tax and that it was not
the intent of the legislature to take away from
the Secretary of State the authority and duty to
administratively forfeit a corporation's right
to do business.  Therefore, the Secretary of State
has the authority to administer the procedure for
the forfeiture of the right to do business of a
corporation which is delinquent in the filing of
its franchise tax report and is delinquent in the
payment of franchise taxes."

We will first consider the necessary administrative ac-
tion and procedure in connection with the forfeiture of the right
to do business of a corporation which is delinquent in the filing
of its franchise report or the payment of franchise taxes.  The
applicable statutory provision relating to the forfeiture of the
right to do business is Article 12.14 of Chapter 12, Title 122A,
Revised Civil Statutes of Texas, which is in part as follows:

"Any corporation, either domestic or foreign
which shall fail to pay any franchise tax provided
for in this Chapter when the same shall become due
and payable under the provisions of this Chapter,
shall thereupon become liable to a penalty of ten
per cent (10%) of the amount of such franchise tax
due by such corporation.  If the reports required
by Articles 12.08 and 12.09 be not filed in accord-
ance with the provisions of this Chapter, or if the
amount of such tax and penalties be not paid in full
on or before the thirtieth day after notice of de-
linquency is mailed to such corporation, such cor-
poration shall for such default forfeit its right to
do business in this State; which forfeiture shall be
consummated without judicial ascertainment by the
Secretary of State entering upon the margin of the
record kept in his office relating to such corpora-
tion the words, 'right to do business forfeited' and
the date of such forfeiture."

The charters of all corporations required to pay fran-
chise taxes under the provisions of Chapter 12, Title 122A, are
filed in the office of the Secretary of State in accordance with
the applicable statutory provisions.  We are informed that the
Secretary of State also keeps a permanent card index record of
all such corporations upon which all status changes concerning
each individual corporation have been noted heretofore.  The rec-
ords reflecting the filing of franchise tax reports and payment

of franchise taxes which heretofore were kept in the office of the Secretary of State have been transferred to the office of the State Comptroller of Public Accounts under the provisions of Article 12.22.

Since this office has held in Attorney General's Opinion No. WW-806 that the Secretary of State alone has the authority to forfeit the right to do business of a corporation under the provisions of Article 12.14, it is clear that the State Comptroller of Public Accounts is without such authority. However, such forfeiture can only result from the failure of the corporation to file the required franchise tax reports or pay the franchise taxes when the same become due and payable, which reports must be filed with and taxes paid to the Comptroller of Public Accounts in whose office the records reflecting the filing of the reports and payment of taxes are kept, and which are not available in the office of the Secretary of State.

Article 12.15 provides for the administrative procedure in the office of the Secretary of State governing the forfeiture by a corporation of its right to do business in this State. By substituting the words "Comptroller of Public Accounts" for the words "Secretary of State" in those parts of Article 12.15 which pertain to the administrative powers and duties incident to the collection and administration of the franchise tax, Article 12.15 would read as follows:

"The Comptroller of Public Accounts shall notify each domestic and foreign corporation which may be or become subject to a franchise tax under the laws of this State, which has failed to file such report or pay franchise tax on or before the first day of May, that unless such overdue report is filed or such overdue tax together with said penalties thereon shall be paid within thirty (30) days of the mailing of such notice, the right of such corporation to do business in this State will be forfeited without judicial ascertainment. Such notice may be either written or printed and shall be verified by the seal of the office of the Comptroller of Public Accounts, and shall be addressed to such corporation and mailed to the post office named in its articles of incorporation as its principal place of business, or to any other known place of business of such corporation. A record of the date of mailing such notice shall be kept in the office of the Comptroller of Public Accounts, and such notice and record thereof shall constitute

legal and sufficient notice thereof for all
purposes of this Chapter. . . ."

Upon a determination by the Comptroller of Public Accounts from his records that the reports required by Articles 12.08 and 12.09 were not filed as required by law, or that the franchise tax due by a corporation, together with the penalties, has not been paid within the time prescribed, the Comptroller of Public Accounts should certify such facts to the Secretary of State advising him that the corporation, by its failure to file the reports or pay the delinquent taxes is subject to forfeiture of its right to do business in this State under the provisions of Article 12.14. Upon receipt of such certification the Secretary of State should enter upon the margin of the record kept in his office relating to the corporation the words, "right to do business forfeited," and the date of such forfeiture. The Secretary of State may choose whether to make such endorsement upon the folder containing the charter of the corporation or on the permanent card index relating to the corporation since both are permanent records in his office. The Secretary of State should advise the Comptroller of Public Accounts as to the date upon which the entry was made upon the record.

Article 12.15 then provides as follows:

". . . Any corporation whose right to do
business may have been forfeited, as provided in
this Chapter, shall be relieved from such forfei-
ture by paying to the Comptroller of Public Ac-
counts at any time prior to the forfeiture of the
charter or permit of such corporation as herein-
after provided, the full amount of the franchise
taxes and penalties due by it, together with an
additional amount of five per cent (5%) of such
taxes for each month, or fractional part of a
month, which shall elapse after such forfeiture
as a revival fee; provided, that such amount shall
in no case be less than Five Dollars ($5). . . ."

When the taxes and penalties and revival fee have been paid to the Comptroller of Public Accounts, he should certify such fact to the Secretary of State who thereupon shall revive the right of the corporation to do business within this State by cancelling the words "right to do business forfeited" upon his record and endorsing thereon the word "revived," and the date of such revival. The Secretary of State should then advise the Comptroller of Public Accounts as to the date of such entry upon his records.

Article 12.15 further provides:

". . . If any domestic corporation or foreign corporation, whose right to do business within this State shall hereafter be forfeited under the provisions of this Chapter, shall fail to pay the Comptroller of Public Accounts within one hundred and twenty (120) days after such forfeiture, the amount necessary to entitle it to have its rights to do business revived under the provisions of this Chapter, such failure shall constitute sufficient ground for the forfeiture, by judgment of any court of competent jurisdiction, of the charter of such domestic corporation, or of the permit of such foreign corporation. It shall be the duty of the Comptroller of Public Accounts, after such one hundred and twenty (120) days next following such forfeiture, to certify to the Attorney General the names of all corporations, domestic and foreign, whose right to do business within this State shall have been forfeited as hereinbefore provided, and upon receiving such certificate the Attorney General shall forthwith institute suit against such corporations under the provisions of Article 12.16 of this Chapter."

Under the foregoing part of Article 12.15 it would be the duty of the Comptroller of Public Accounts to supply to the Attorney General the factual situation concerning the failure to pay the amounts necessary to entitle the corporation to have its right to do business revived, thereby authorizing the Attorney General to institute suit against the corporation under the provisions of Article 12.16.

Your second request concerns the responsibility, duty, and authority of the Secretary of State and the Comptroller of Public Accounts to take the necessary administrative action and to establish the administrative procedure for the forfeiture of the charter of a corporation whose right to do business has been previously forfeited and which has failed and refused to have its right to do business revived prior to the first day of January next succeeding the date of forfeiture of its right to do business. You then request advice as to whether the Secretary of State has the sole responsibility, duty, and authority to forfeit the charter of a corporation without judicial ascertainment and what information should be furnished or certified to the Secretary of State by the Comptroller or the Attorney General in order that the corporate charter may be forfeited without judicial ascertainment.

The applicable provisions of Article 12.07 which authorize the forfeiture of the charter of a corporation without judicial ascertainment are as follows:

"Upon determination by the Secretary of
State that any domestic corporation whose right
to do business has been previously forfeited by
that officer, and which corporation has failed
and refused to have its right to do business re-
vived pursuant to the provisions of this Chapter,
and which corporation fails to revive its right
to do business prior to the first day of January
next succeeding the date of forfeiture of its
right to do business, and which corporation has
no assets from which a judgment for the franchise
tax, penalties, and court costs may be satisfied,
and approval of such determination by the Attor-
ney General, the charter of any such corporation
may be forfeited, which forfeiture shall be con-
summated without judicial ascertainment by the
Secretary of State entering upon the charter of
such corporation filed in his office, the words,
'Charter forfeited,' giving the date thereof and
citing this Act as authority therefor."

Only the Secretary of State is charged with the respon-
sibility, duty, and authority to forfeit the charter of a corpora-
tion without judicial ascertainment for the reasons given in
Attorney General's Opinion No. WW-406, and in answer to your first
question, supra.

However, since all of the records reflecting the failure
or refusal of a corporation which had its right to do business
previously forfeited to revive its right to do business prior to
the first day of January next succeeding the date of such forfeit-
ure are in the possession and under the control of the Comptroller
of Public Accounts and are not reflected by the records in the
office of the Secretary of State, it is the duty and responsibility
of the Comptroller of Public Accounts to certify such information
to the Secretary of State, together with a determination that the
corporation has no assets from which a judgment for the franchise
tax, penalties, and court costs may be satisfied, after approval of
such determination by the Attorney General, for forfeiture of the
charter of the corporation by the Secretary of State in the manner
provided in Article 12.17.  The action of the Secretary of State
in thus forfeiting the charter of the corporation without judicial
ascertainment would be purely ministerial and based upon the certi-
fication by the Comptroller of Public Accounts of the necessary
factual requisites set forth in Article 12.07.

The Comptroller of Public Accounts has the duty and re-
sponsibility of making the determination that the corporation has
no assets from which a judgment for the franchise tax, penalties,

Hon. Zollie Steakley
Hon. Robert S. Calvert, page 7    (WW-826)


and court costs may be satisfied, since the corporation's franchise tax report is in the possession of the Comptroller of Public Accounts and, in addition, he has the authority to examine the books and records of the corporation under the provisions of Article 1.04, Chapter 1, Title 112A, R.C.S.

## SUMMARY

The responsibility, duty, and authority of the Secretary of State and the Comptroller of Public Accounts to take administrative action and establish administrative procedure for the forfeiture of the right of a corporation to do business in the State of Texas under the provisions of Article 12.14, Title 122A, R.C.S., and for the forfeiture without judicial ascertainment of a charter of a corporation under the provisions of Article 12.17, Title 122A, R.C.S.

Very truly yours,

WILL WILSON
Attorney General of Texas

By

C. K. Richards
Assistant

CKR:wb

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Richard Wells
Leon F. Pesek
Marvin Brown
REVIEWED FOR THE ATTORNEY GENERAL

BY:  Leonard Passmore